EDWIN M. KNOWLES CHINA CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7711, 12544.    Promulgated January 14, 1928.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

**OPINION.**

MURDOCK: The petitioner alleged that the Commissioner allowed insufficient depreciation on its plant buildings, machinery, kilns, tenement house, and motor truck. Having produced some evidence that the tenement house had a probable life of not more than 30 years, the petitioner is entitled to have a rate of 3⅓ per cent applied to $2,500, the admitted cost of this house, and depreciation allowed accordingly.

The evidence in regard to the other assets named is entirely too indefinite and incomplete to enable us to determine whether or not the Commissioner was in error or to determine what a proper rate for any of the assets would be. We can only affirm the Commissioner's determination and correct an error of $1,000 in his calculation of 8½ per cent depreciation on kilns for 1919.

The remaining question pertains to the petitioner's right to special assessment of its war-profits and excess-profits taxes under sections 327 and 328 of the Revenue Act of 1918.

Section 327 is as follows:

SEC. 327. That in the following cases the tax shall be determined as provided in section 328:

(a) Where the Commissioner is unable to determine the invested capital as provided in section 326;

(b) In the case of a foreign corporation;

(c) Where a mixed aggregate of tangible property and intangible property has been paid in for stock or for stock and bonds and the Commissioner is unable satisfactorily to determine the respective values of the several classes of property at the time of payment, or to distinguish the classes of property paid in for stock and for bonds, respectively;

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived on a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

The cost of the " Mayflower " patent could have been included in invested capital, but there has been no showing that its cost can not be determined, or that it had any particular value. We can see no reason for special assessment in the facts relating to this patent. The special relief given by sections 327 and 328 of the Act was not intended for those taxpayers whose invested capital is small in amount merely because they have not taken the trouble to establish the larger amount to which they are really entitled.

The petitioner alleges as another fact entitling it to special assessment that the compensation paid to its officers was unusually low, because of the stock ownership of the officers, and represented inadequate compensation for the services actually rendered. However, the evidence fails to disclose what services these officers actually rendered and it also fails to show that their compensation was inadequate for the services actually rendered. We have heretofore held that a comparison of officers' salaries in a petitioner corporation with the officers' salaries in other corporations similarly circumstanced is insufficient to show an abnormality. *Appeal of Crowley Brothers, Inc.,* 2 B. T. A. 477.

The further contention of the petitioner is that it is entitled to special assessment because of the fact that, although a considerable amount was added to its prewar invested capital, particularly in the year 1913, its prewar income included no income from these addi-

tions to its invested capital since the money was used to build additional buildings which were not operated until some time in 1914. We have not been told the average net income of the corporation for the prewar period, or the average invested capital for the prewar period. We do not know the war-profits credit allowed the petitioner in the taxable years 1918 and 1919. The facts proven account for a lower credit than might have resulted otherwise, but they may account for only a slight difference in tax and they do not show a gross disproportion in tax within the meaning of this section of the Act. Consequently, they do not establish .the existence of an abnormality producing an exceptional hardship, or in any other way entitle the petitioner to special assessment.

It is clear from the evidence that the petitioner at the time of incorporation on May 3, 1907, issued its capital stock having a par value of $150,000 for the assets of its predecessor corporation. It also appears that at some time in 1906, the predecessor corporation had net tangible assets in the amount of $168,564.64. But we do not know what assets either corporation had at the time of the transfer or even what their books showed in regard to the value of these assets at the time of the transfer. Nor do we know what the Commissioner has done in regard to the petitioner's opening invested capital and we are without sufficient evidence to determine the value of the assets acquired by the petitioner from the predecessor corporation.

The petitioner asks us to determine, from the table of net tangible assets and net earnings of the predecessor company for the five-year period preceding reorganization, that intangibles in a substantial amount were transferred to the new corporation, which intangibles with the tangibles made a total consideration greatly in excess of the par value of the capital stock exchanged. Perhaps evidence is available for the satisfactory determination of the respective values of the tangibles and the intangibles received by the petitioner at the time of its organization and from this evidence the petitioner's invested capital could be increased. See *Appeal of St. Louis Screw Co.*, 2 B. T. A. 649, and *Tyler & Hippach, Inc.* v. *Commissioner*, 6 B. T. A. 636. So far as we know the Commissioner has recognized the value, if any, of these intangibles in invested capital. See *Atlanta Casket Co.* v. *Rose*, 22 Fed. (2d) 800. Evidence such as this does not entitle the petitioner to special assessment, inasmuch as it fails to show that the respective values of the several classes of property at the time they were paid in for stock could not be determined satisfactorily in this case.

The comparatives produced in evidence show that the petitioner's tax liability is relatively higher for the years in question than the tax liability of the other companies, but these tables did not indicate

any particular reason for the inequality. Unless it is due to some abnormality affecting capital or income, the inequality does not entitle the taxpayer to special assessment. *Appeal of Cleveland & Western Coal Co.*, 4 B. T. A. 93.

From the facts before us we can not say either that the Commissioner was unable to determine invested capital as provided in section 326 or that he was unable satisfactorily to determine the respective values of the several classes of property at the time they were paid in. Neither can we say that the tax if determined without the benefit of section 328 would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by a gross disproportion between the tax computed without the benefit of this section and the tax computed by reference to the representative corporations specified in section 328. Consequently, our judgment must be for the respondent on this point.

Reviewed by the Board.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 30 days, under Rule 50.*